1

2

3

4

5

6

7

8                         IN THE UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10   STELLA CARTER,

11            Plaintiff,                    No. CIV S-10-1949 GGH (TEMP)

12        vs.

13   MICHAEL J. ASTRUE,                     ORDER
     Commissioner of
14   Social Security,

15            Defendant.

16   _____/

17            Pending before the court is plaintiff's application for an award of attorney's fees

18   under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d)(1).  Plaintiff seeks attorney's

19   fees for 1.8 hours at $174.64/hour for work done in 2010 and for 18.1 hours at the same rate for

20   work performed in 2011, for a total amount of $3,475.33.  The Commissioner has filed a

21   statement of non-opposition in which the amount requested is not contested.  In addition, the

22   Commissioner has no objection to payment of the fees being made directly to plaintiff's counsel.

23            The EAJA provides that the prevailing party in a civil action against the United

24   States may apply for an order for attorneys' fees and expenses within thirty days of final

25   judgment in the action.  An applicant for Social Security benefits receiving a remand under

26   sentence four of 42 U.S.C. § 405(g) is a prevailing party, regardless of whether the applicant later

                                               1

1  succeeds in obtaining the requested benefits.  <u>Shalala v. Schaefer</u>, 509 U.S. 292 (1993).  In this

2  case, the matter was voluntarily remanded under sentence four pursuant to the stipulation of the

3  parties and order of the court.  <u>See</u> Order filed September 15, 2011.  Plaintiff thus is entitled to an

4  award of fees under the EAJA.  The court must allow the fee award unless it finds that the

5  position of the United States was substantially justified.  <u>Flores v. Shalala</u>, 49 F.3d 562, 568-69

6  (9th Cir. 1995).

7          Having no opposition from the Commissioner on the issue of substantial

8  justification and no objection to the amount requested, the court finds that the requested fees are

9  reasonable and that plaintiff is entitled to the amount requested.  In light of the Commissioner's

10  agreement to pay the fee directly to plaintiff's counsel, the court shall so order payment.

11          Accordingly, IT IS HEREBY ORDERED that plaintiff's December 14, 2011

12  request for EAJA fees is granted.  Plaintiff is awarded $3,475.33 in attorney's fees.  Said fees

13  shall be made payable to plaintiff's counsel.

14  Dated:  February 27, 2012

15          /s/ Gregory G. Hollows
         UNITED STATES MAGISTRATE JUDGE

16  JMM
   carter.fee.temp

17

18

19

20

21

22

23

24

25

26